1  JINA KIM (SBN: 276706)
   jkim@gbla.org
2  GREATER BAKERSFIELD LEGAL ASSISTANCE
3  615 California Ave.
   Bakersfield, CA 93304
4  Tel: (661) 325-5943

5  CHRISTOPHER BRANCART (SBN: 128475)
   cbrancart@brancart.com
6  LIZA CRISTOL-DEMAN (SBN: 190516)
7  lcristoldeman@brancart.com
   BRANCART & BRANCART
8  Post Office Box 686
   Pescadero, CA 94060
9  Tel: (650) 879-0141

10 Attorneys for Plaintiffs

11 JASON F. MEYER (SBN: 190800)
   jmeyer@grsm.com
12 ANDRÉ M. PICCIURRO (SBN: 239132)
   apicciurro@grsm.com
13 GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
14 San Diego, CA 92101
   Telephone: (619) 230-7772
15 Facsimile: (619) 696-7124

16 Attorneys for Defendants
   DHARAM PAL and VIJAY PAL
17

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TOLLS, TANISHA WILEY, TANYA MORRISON, and ARISSA DICKSON TOLLS,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DHARAM PAL and VIJAY PAL,<br><br>　　　　　Defendants. | CASE NO. 1:17-CV-00776-AWI-JLT<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER**<br>**(Doc. 19)** |

This Stipulated Protective Order is entered into by and between Plaintiffs MARIO TOLLS, TANISHA WILEY, TANYA MORRISON, and ARISSA DICKSON TOLLS, and

-1-
STIPULATED PROTECTIVE ORDER AND ORDER

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Defendant DHARAM PAL and VIJAY PAL. Plaintiffs and Defendants are hereinafter collectively referred to as "the Parties." Reference is made to the following facts:

A. The Parties possess financial and accounting documents and other confidential information pertaining to tenants of the property at issue in this litigation that they desire to keep confidential, which may be obtained through discovery in this case.

B. The Parties desire to stipulate to a protective order sanctioned by the Court to protect such financial and accounting documents and other confidential information from unnecessary disclosure.

ACCORDINGLY, the Parties, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order:

1. <u>Scope of the Order</u>. This Stipulated Protective Order covers all documents and information designated "Confidential" or "Confidential – Attorneys/Experts Only" produced in connection with any discovery undertaken in this case. Information marked "Confidential" or "Confidential - Attorneys/Experts Only" shall be collectively referred to herein as "Confidential Discovery." This Stipulated Protective Order is intended to cover all discovery propounded and answered by any Party at any time and depositions wherein "Confidential" or "Confidential – Attorneys/Experts Only" information is used or discussed, including any copies, excerpts, summaries, or compilations thereof. Even after termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. This Stipulated Protective Order is entered into as to this case only.

2. <u>Designation of Confidential Discovery</u>. The Parties may designate Confidential Discovery as subject to this Order by stamping on or otherwise permanently affixing to such material prior to its production the designation "Confidential". In the event that a Party in good faith believes that particular material requested to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited to only those persons described in Paragraph 7 herein below, it shall stamp on or otherwise permanently affix to such material prior to its production the designation "Confidential - Attorneys/Experts Only". Said respective

designations shall be stamped or affixed so as to not obscure or deface the material or any portion of its contents.

    3.   <u>Designation Procedure</u>. Confidential Discovery shall be designated or deemed confidential as follows:

        a.   In the case of deposition testimony:

            i.   The Parties may designate testimony by any individual at the time of the deposition or by written notice to all counsel of record within 14 business days after receipt of the written transcript. The entire transcript (including, without limitation, typed transcriptions, computer diskettes, audiotapes and videotapes) and all exhibits thereto shall be deemed confidential under the terms of this Protective Order during the 14 day period. The portions of a transcript designated as "Confidential" or "Confidential – Attorneys/Experts Only" at the time of the deposition or during this 14 day period, shall be treated as Confidential Discovery thereafter and in accordance with the terms of this Stipulated Protective Order.

            ii.   Each deposition transcript of any deposition of any individual taken in this action shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript, the placement of which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party making the confidentiality claim:

> "THE CONTENTS OF THIS TRANSCRIPT ARE CONFIDENTIAL [CONFIDENTIAL - ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF THIS TRANSCRIPT IS A VIOLATION OF COURT ORDER. A COPY OF SAID ORDER IS CONTAINED HEREIN."

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

iii. Each such deposition transcript shall also contain a copy of this Order immediately following the cover page.

iv. Any depositions of any individual taken and recorded in this action other than by stenographic means, including without limitation depositions recorded by audiotape or videotape, shall state at the commencement thereof that the contents of the deposition are confidential and are subject to a protective order issued by the United States District Court, Eastern District of California. No copies will be made of any such audio or video recording unless necessary for preparation for trial or other proceeding in the case and, in that event, any person or entity making such a copy will be subject to and comply with this Order. Each such audio or video recording shall have affixed to its exterior the following legend, the placement thereon which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the Party making the confidentiality claim:

> "THE CONTENTS OF THIS TAPE ARE CONFIDENTIAL [CONFIDENTIAL - ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF THIS TAPE IS A VIOLATION OF COURT ORDER."

b. In the case of the production of documents the Parties may designate such discovery confidential by stamping on such discovery: "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect at the top of each page that contains Confidential Discovery information. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) and must specify for each portion, the level of protection being asserted (either "Confidential" or "Confidential – Attorneys/Experts Only).

/ / /

c. When responding to written discovery in this action (including, without limitation, responses to interrogatories, requests for admission, requests for production of documents or things, subpoena duces tecum, among others), the Parties may designate such responses as confidential by stamping on such responses: "Confidential " or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of any such discovery response and at the top of each page that contains the Confidential Discovery information.

d. In the case of discovery produced by any third party, pursuant to subpoena or otherwise, all such discovery shall be deemed confidential under this Order for a period of thirty (30) days after service, during which period, counsel for either of the Parties may designate such discovery as confidential, in whole or in part, by written notice served upon all counsel of record. Thereafter, all Parties who have received such discovery shall stamp "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of each such document or other thing and each shall be deemed confidential pursuant to this Order.

4. <u>Inadvertent Failure to Designate</u>. If corrected within sixty (60) days of production, an inadvertent failure to designate qualified information or document as "Confidential" or "Confidential – Attorneys/Experts Only" does not, standing alone, waive the designating Party's right to secure protection for such material under this Stipulated Protective Order. If material is appropriately designated as "Confidential" or "Confidential – Attorneys/Experts Only" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5. <u>Objection to "Confidential" or "Confidential – Attorneys/Experts Only" Designation</u>. If any Party disagrees with the "Confidential" or "Confidential – Attorneys/Experts Only" designation of any document, the Party so disagreeing shall, no later than 30 days after the date upon which the "Confidential" or "Confidential – Attorneys/Experts Only" document was produced and/or designated as such, notify by written notice, served on all Parties in the case, that the Party disagrees with the designation of the document as "Confidential" or "Confidential – Attorneys/Experts Only," and shall in the notice both identify the document at issue and state

-5-
STIPULATED PROTECTIVE ORDER AND ORDER

the reasons why the challenging Party disagrees with the particular designation of the document. The Parties must then meet and confer and attempt to resolve the dispute informally. If the Parties are unable to resolve any document designation dispute informally, the dispute may be presented by motion to the Court by the Party challenging the designation of the document. Before the Court, the Party who has designated the document shall have the burden of proving that such document contains Confidential Discovery of a nature justifying the particular designation. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation. The prevailing Party on a motion to the Court that challenges the designation of a document shall be entitled to recover from the opposing Party its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court, unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure are found to exist.

      6.     <u>Recipients of Discovery Marked "Confidential"</u>. Discovery deemed or marked "Confidential" may be disclosed by the receiving Party only to the following persons, and may be used only for the purpose of prosecuting or defending claims asserted in this action:

      (a)     The attorneys of record for the receiving Party and (i) their employees and (ii) outside legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, (who execute the "Promise of Confidentiality" attached hereto as Exhibit "A";

      (b)     In-house attorneys for any Party;

      (c)     Experts and consultants and their employees who, prior to receiving documents or information designated as Confidential, sign the Promise of Confidentiality (attached as Exhibit "A") that such person has read and agrees to abide by this Order;

      (d)     The Court and court personnel pursuant to the procedures set forth herein;

      (e)     Persons to whom the documents are otherwise lawfully available outside of this litigation, such as third-party authors or recipients;

      (f)     The receiving Party or representatives of a receiving Party, including officers, directors and employees of the receiving Party to whom attorneys for the receiving

Party believe it is necessary that the documents be shown for purposes of this litigation. Prior to receiving documents or information designated as Confidential, each representative shall sign the Promise of Confidentiality (attached as Exhibit "A" hereto) that such representative has read and agrees to abide by this Order;

    (g)  Witnesses during the course of depositions; and

    (h)  Such other persons as are designated by written agreement by the Party who has designated the discovery as confidential or by Court order.

  7.  <u>Recipients of Discovery Marked "Confidential – Attorneys/Experts Only"</u>. Discovery deemed or marked "Confidential - Attorneys/Experts Only" may be disclosed by the receiving Party only to the following persons, and may be used only for the purpose of prosecuting or defending claims asserted in this action:

    (a)  The attorneys of record for the receiving Party and (i) their employees and (ii) legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, who execute the Promise of Confidentiality attached hereto as Exhibit "A");

    (b)  Experts and their employees who, prior to receiving documents or information designated as "Confidential - Attorneys/Experts Only", sign the Promise of Confidentiality (attached hereto as Exhibit "A") that such person has read and agrees to abide by this order;

    (c)  The Court and court personnel pursuant to the procedures set forth herein;

    (d)  Witnesses during the course of depositions; and

    (e)  Such other persons as are designated by written agreement by the Party who has designated the Discovery as "Confidential - Attorneys/Experts Only" or by Court order.

  8.  <u>Procedure for Requesting Disclosure of "Confidential – Attorneys/Experts Only" Discovery to Named Parties</u>. Discovery marked "Confidential – Attorneys/Experts Only" may not be disclosed to the named Parties in this case unless the attorney of record for the Party to whom the "Confidential – Attorneys/Experts Only" information is to be revealed first advises opposing counsel in writing of the intent to disclose such information to the client, specifically

identifies information to be disclosed and opposing counsel consents in writing to such disclosure. Any counsel receiving a written request from opposing counsel to disclose "Confidential – Attorneys/Experts Only" information to a Party shall respond in writing to the request, indicating whether the request is granted or denied. The Parties and their counsel agree to provide timely responses to a written request from opposing counsel to disclose "Confidential – Attorneys/Experts Only" information to a Party. For purposes of this Stipulation, the Parties and their counsel agree that a response to opposing counsel's written request to disclose "Confidential – Attorneys/Experts Only" information to a Party shall be provided by no later than seven (7) calendar days from the date of receipt of the written request to disclose "Confidential – Attorneys/Experts Only" information to a Party. The Parties and their counsel further agree that they shall meet and confer in an effort to resolve any issue concerning disclosure of "Confidential – Attorneys/Experts Only" information to a Party. If the Parties are unable to informally resolve any dispute involving disclosure of "Confidential – Attorneys/Experts Only" information to a Party, the dispute may be presented by motion to the Court by the Party seeking to disclose such information to a Party. Before the Court, the Party requesting disclosure of "Confidential – Attorneys/Experts Only" information to a Party shall have the burden of proving that good cause and substantial justification exists for the disclosure of such information to a Party in the case. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation. The prevailing Party on a motion to the Court that seeks disclosure of "Confidential – Attorneys/Experts Only" Discovery to a Party shall be entitled to recover from the opposing Party its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure are found to exist by the Court.

9. <u>Except as provided herein, Confidential Discovery shall not be disclosed to any non-party</u>.

10. <u>Confidential Discovery Subpoenaed or Ordered Produced in Other Litigation</u>. If a receiving Party is served with a subpoena or a court order issued in other litigation that would

compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys/Experts Only," the receiving Party must so notify the designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

The receiving Party also must immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving Party must deliver a copy of this Stipulated Protective Order promptly to the issuing person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material. The receiving Party shall reasonably cooperate with the designating Party in the latter's efforts to seek protection of its confidential materials, including providing written evidentiary declarations if requested; provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

11. <u>Unauthorized Disclosure of Confidential Discovery</u>. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person to execute the "Promise of Confidentiality" (attached hereto as Exhibit "A").

12. <u>Conditions to be Met Prior to Disclosure</u>. Before any information marked "Confidential – Attorneys/Experts Only" is disclosed to any persons described in Paragraph 6

above, other than the Court and the attorneys of record for the Parties, the attorney(s) for the Party attempting disclosure shall fully explain the terms of this Order and shall advise the attorneys' support staff and any expert or consultant that the Confidential Discovery is subject to this Order and the limitations imposed by this Order on the persons to whom such Confidential Discovery can be disclosed. Further, the attorney(s) for the Party attempting disclosure shall have such persons read the Order and shall ascertain to the best of the attorneys' abilities that such persons fully understand the terms of the Order. However, before any of these obligations shall exist, the Party producing discovery marked "Confidential – Attorneys/Experts Only" shall first advise counsel for the other Party that discovery is being so provided and shall send discovery by a means that states prominently on the envelope that the package contains "INFORMATION TO BE OPENED BY ATTORNEY ONLY."

13. <u>Preservation of Objections to Discovery; Waiver of Certain Grounds for Objection</u>. This order shall not constitute a waiver of the Parties' rights to object to discovery on any grounds, including but not limited to the grounds that the information sought is privileged, contains trade secrets, confidential financial information, privileged information, proprietary information, confidential business information, or confidential personal information. No Party to this Agreement, however, shall refuse to produce documents or disclose information solely on the grounds the requested information or documents contain confidential or proprietary information.

14. <u>Use of Confidential Discovery</u>. Confidential Discovery disclosed pursuant to this Stipulated Protective Order shall not be used other than for the purposes of this action. Documents disclosed pursuant to this Stipulated Protective Order may be used in connection with any trial or other proceeding in this case, including motions. The use of any document designated "Confidential" or "Confidential – Attorneys/Experts Only" under the terms of this Stipulated Protective Order, at trial will be subject to the terms and conditions of this Stipulated Protective Order and Local Rule 39-141.

15. <u>Return of Confidential Discovery</u>. Within sixty (60) days after expiration of any and all appeals or time periods to appeal in this action, all Confidential Discovery, including all

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

copies, notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other references thereof or thereto, shall be returned to the counsel of record for the Party who produced it or, at the option of the person then in possession of the Confidential Discovery, destroyed. If counsel chooses to destroy the documents rather than return them, counsel shall notify counsel for the Party who produced such documents in writing of their destruction, including specifically, the date, time, place and manner of destruction. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery. Any such archival copies that contain or constitute Confidential Discovery remain subject to the Stipulated Protective Order as set forth in Paragraph 1, above.

16. <u>Order Binding Upon Successors and Assigns</u>. All the terms of this Stipulated Protective Order as to the designation of "Confidential" and "Confidential – Attorneys/Experts Only" documents for the purposes of this case shall be binding upon and inure to the benefit of the Parties hereto and to their successors and assigns.

17. <u>Electronic Signatures</u>. The Parties may submit executed copies bearing their electronic signatures which shall be enforceable as original wet ink signatures.

18. <u>Execution in Counter-parts</u>. This Stipulated Protective Order may be executed in counterparts, and when so executed, each counterpart shall be deemed to be an original and shall constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

**IT IS SO STIPULATED:**

Dated: January 31, 2018        GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ André M. Picciurro*
Jason F. Meyer (SBN: 190800)
André M. Picciurro (SBN: 239132)
Attorneys for Defendants
DHARAM PAL AND VIJAY PAL

Dated: January 31, 2018        BRANCART & BRANCART

By: */s/ Liza Cristol-Deman*
(as authorized on January 31, 2018)
Liza Cristol-Deman (CBN 190516)
Attorney for Plaintiffs

# EXHIBIT "A"

## PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

1. My [business or residential] address is _____ and my present occupation is _____.

2. I have received a copy of the **STIPULATED PROTECTIVE ORDER** regarding Confidential Discovery in the action entitled *Tolls, et al. v. Pal, et al.* filed in the United States District Court for the Eastern District of California, CASE NO. 1:17-CV-00776-AWI-JLT.

3. I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER**. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER**, and will not copy or use, except for purposes of the litigation, any documents or information designated **"Confidential"** or **"Confidential – Attorneys/Experts Only."**

4. I will return any materials received under this **STIPULATED PROTECTIVE ORDER** at the conclusion of the instant case, to the Party or its counsel who originally provided said materials to me.

5. I hereby stipulate to the jurisdiction of the United States District Court for the Eastern District of California with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER** against me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

## ORDER

Based upon the stipulation of the parties, the Court **ORDERS**:

1. The stipulated protective order is **GRANTED**. Nevertheless, this order does not entitle the parties to file documents under seal. To do this, they **SHALL** request sealing according to the procedures set forth comply with Local Rule 141.

IT IS SO ORDERED.

Dated: **February 1, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE